**FILED**

**MAY 1, 2007**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| REYNALDO VELASQUEZ, | § | |
| a.k.a.  Juan R. Bernal | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0365 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS
### WRIT FOR CORAM NOBIS RELIEF

On December 22, 2006, petitioner REYNALDO VELASQUEZ, a.k.a.  Juan R. Bernal,

filed with this Court a pleading entitled "Writ for Coram Nobis Relief."[1]  Petitioner is

incarcerated by the Federal Bureau of Prisons at the Pollock prison facility in Pollock, Louisiana.

By his pleading, VELASQUEZ seeks to have this Court issue a writ of error coram nobis.

Petitioner has failed, however, to provide the Court with any information about his underlying

Texas conviction, other than to say it was for burglary of a habitation.  On February 20, 2007, a

Briefing Order issued ordering petitioner to provide, on or before March 6, 2007, the date of his

Texas conviction as well as the location of the state court in which the conviction occurred.

Petitioner has failed to respond to the Court's Order.

---

[1]Initially this case was docketed as Juan Bernal a.k.a. Reynaldo Velasquez with a Bureau of Prisons (BOP)No. 22632-180.  However, when petitioner's mail was returned to the Clerk as "Undeliverable." Inquiry to a pro se staff attorney in Dallas revealed petitioner is actually classified as Reynaldo Velasquez a.k.a. Juan Bernal with a BOP No. 22623-180.  Correspondence was corrected and re-sent and has since been sent to the correct name and correct BOP number.

## WRIT OF ERROR CORAM NOBIS

If the writ of coram nobis remains available in federal court, it does so pursuant to the powers conferred by the All Writs Act.  "[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) citing *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985).

Whether the writ of error coram nobis remains a viable federal cause of action or not, it is not available to petitioner in this action and this Court is without jurisdiction to issue it with respect to petitioner's Texas state court conviction.  The writ can be issued only by the original sentencing court, and it is unavailable to review state court decisions.  *Cavett v. Ellis*, 578 F.2d 567, 569 FN4 (5th Cir. 1978).  Petitioner has not provided any information related to this alleged state court conviction as ordered by the Court, and he has failed to show he availed himself of state court appeals procedures either by direct appeal and/or by filing a state habeas action pursuant to 28 U.S.C. §2254.  Petitioner has failed to provide sound reasons why he failed to seek such review in the state courts in a timely manner and thus he cannot proceed on this matter in this Court.  *United States of America v. Boyd*, Nos. Cr. C-98-244, C.A. C-06-453, Slip. Op., 2006 WL 3044467 (S.D.Tex. October 23, 2006).

For the reasons set forth above, and in light of petitioner's failure to comply with the Court's Briefing Order, the petition in this case should be dismissed.

<u>RECOMMENDATION</u>

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Writ for Coram Nobis Relief filed by petitioner REYNALDO VELASQUEZ, a.k.a. Juan R. Bernal, be DISMISSED.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 1st day of May 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to

timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).